

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00216-CR

JAMES WILLIAM NOBILE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No. 1
Randall County, Texas
Trial Court No. 2013-0698-1, Honorable James W. Anderson, Presiding

November 24, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, James William Nobile, was arrested and charged by complaint and information with the offense of driving while intoxicated (DWI),[1] enhanced by one prior conviction.[2] Appellant filed a motion to suppress the evidence that alleged the arresting officer lacked reasonable suspicion to initiate a traffic stop of appellant. The trial court conducted a hearing on the motion to suppress and denied the motion. Thereafter,

---

[1] *See* TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2014).

[2] *See id.* § 49.09(a) (West Supp. 2014).

appellant entered a plea of guilty to the charge of DWI, and the State waived its enhancement provision.

Appellant was found guilty and sentenced to nine days' confinement in the Randall County Detention Facility and fined $1,000 plus costs of court. Appellant has perfected his appeal and, through a single issue, contends that the trial court committed reversible error in denying his motion to suppress. Disagreeing with appellant, we will affirm.

Factual and Procedural Background[3]

Appellant was stopped on IH-27 at approximately mile post 111 shortly before the Canyon Expressway merges into the interstate. The officer who stopped appellant, James Lee Spicer, a Texas Department of Public Safety trooper, had followed appellant from FM 1541 to FM 3331 and finally onto IH-27. FM 3331 is a two-lane highway. While following appellant on FM 3331, Spicer observed appellant cross the center stripe two or three times. At that time, there was no oncoming traffic, and Spicer decided not to stop appellant but continued to follow him. After appellant turned north onto IH-27, Spicer followed and again observed appellant cross the center stripe dividing the two northbound lanes on three occasions. Spicer testified that, because the appellant was approaching the Canyon Expressway, the traffic was becoming heavier. It was at that time that Spicer decided to initiate a stop of appellant.

During cross-examination at the suppression hearing, Spicer testified that he stopped appellant because he violated section 545.060 of the Texas Transportation

_____

[3] Inasmuch as appellant does not contest the sufficiency of the evidence, we will only discuss the evidence regarding the initial stop of appellant.

Code (failure to drive in a single-marked lane). *See* TEX. TRANSP. CODE ANN. § 545.060 (West 2011). Spicer indicated that the traffic violation was failing to drive in a single marked lane while on IH-27. However, on redirect-examination, Spicer further testified that the traffic violation gave him reason to stop appellant but that, in addition, he was concerned that appellant was distracted, sleepy, or possibly intoxicated because of his inability to drive in his lane of traffic.

After hearing the evidence, the trial court denied the motion to suppress. Subsequently, the trial court filed findings of fact and conclusions of law and amended findings of fact and conclusions of law. In it findings, the trial court found that Spicer had followed appellant on FM 3331 and observed appellant drive over the center stripe two and, possibly, three times; that Spicer continued to follow appellant on IH-27 and observed appellant drive across the center stripe on three or more occasions; and that appellant's driving on IH-27 was corroborated by the in-car DVD. In the conclusions-of-law portion, the trial court concluded that Spicer had reasonable suspicion to initiate a vehicular stop on IH-27. The trial court then filed amended findings of fact and conclusions of law. In the amended conclusions, the trial court stated that, "[g]iving due credit to Trooper Spicer's experience in the field derived from his eleven years of enforcing traffic laws, his observations made and inferences of possible intoxication reached regarding the fact of [appellant]'s persistent failure to maintain control of his vehicle in a single lane of traffic for a span of four miles and his overall credibility, this Court finds that Trooper Spicer had reasonable suspicion to stop [appellant]'s vehicular (sic) on Interstate 27 on September 2, 2013[,] for driving while intoxicated."

Appellant's single issue on appeal contends that the trial court abused its discretion by denying appellant's motion to suppress because the trial court failed to properly apply the applicable law to the facts presented. We disagree and will affirm.

## Standard of Review

A trial court's denial of a motion to suppress is reviewed under a bifurcated review process. *See Turrubiate v. State,* 399 S.W.3d 147, 150 (Tex. Crim. App. 2013). We review the trial court's factual findings for an abuse of discretion. *Id.* A trial court's application of the law to the facts is reviewed *de novo. Id.*

In our case, we will review the trial court's rulings on the questions of reasonable suspicion to detain appellant under the bifurcated standard of review. *See id.* We give almost total deference to the trial court on questions of credibility and historical fact. *See Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). The trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *See id.* When, as here, the trial court makes explicit findings of fact, we are to determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports the fact findings. *State v. Priddy,* 321 S.W.3d 82, 86 (Tex. App.—Fort Worth 2010, pet. ref'd) (citing *State v. Kelly,* 204 S.W.3d 808, 818–19 (Tex. Crim. App. 2006)).

## Applicable Law

The Fourth Amendment to the United States Constitution and Article I, Section 9, of the Texas Constitution protect individuals from unreasonable searches and seizures. *State v. Betts*, 397 S.W.3d 198, 203 (Tex. Crim. App. 2013). Article 1.06 of the Code of

Criminal Procedure provides that the people shall be secure from all unreasonable seizures or searches. TEX. CODE CRIM. PROC. ANN. art. 1.06 (West 2005).[4] Thus, under Texas law, searches and seizures must be reasonable.

"[A] law enforcement officer's reasonable suspicion that a person may be involved in criminal activity permits the officer to stop the person for a brief time and take additional steps to investigate further." *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013) (quoting *Hiibel v. Sixth Judicial Dist. Court of Nev.*, 542 U.S. 177, 185, 124 S. Ct. 2451, 159 L. Ed. 2d 292 (2004)). "An officer must have reasonable suspicion that some crime was, or is about to be, committed before he may make a traffic stop." *State v. Duran*, 396 S.W.3d 563, 568 (Tex. Crim. App. 2013) (citing *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011)). Thus, a traffic stop based upon a reasonable suspicion that some crime was, or is about to be, committed does not violate Texas law. *See id.* An officer's determination about reasonable suspicion must be supported by "specific and articulable facts." *See id.* at 568–69 (quoting *Terry v. Ohio*, 392 U.S. 1, 21, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968)). In determining whether the officer had specific and articulable facts, a reviewing court uses an objective standard. *See id.* at 569. That is, considering only the information actually available to the officer at the moment of the seizure or search, would a man of reasonable caution be warranted to believe that the action taken was appropriate? *See id.* A reasonable suspicion determination is made by considering the totality of circumstances. *See Ford v. State*, 158 S.W.3d 488, 492–93 (Tex. Crim. App. 2005).

---

[4] Further reference to the Texas Code of Criminal Procedure will be by reference to "art. ___" or "article ____."

Analysis

The record before the Court supports the proposition that Spicer observed erratic driving by appellant. The driving observed was the inability of appellant to drive within his lane of travel. As the trial court found in its findings of fact, the officer observed at least five or six incidents where appellant's vehicle crossed over either the center stripe or his lane's dividing stripes. The fact that there was no collision or near-miss is not the touchstone of the reasonableness of the stop by Spicer. Erratic and unsafe driving may furnish sufficient basis for reasonable suspicion. *See Halford v. State,* No. 07-08-00338-CR, 2010 Tex. App. LEXIS 4918, at *10 (Tex. App.—Amarillo June 25, 2010, pet. ref'd) (mem. op., not designated for publication) (citing *James v. State,* 102 S.W.3d 162, 171-72 (Tex. App.—Fort Worth 2003, pet. ref'd)). When the totality of the circumstances of appellant's driving are viewed, *see Ford,* 158 S.W.3d 492, we are confident in saying that Spicer had specific and articulable facts upon which to base his decision to stop appellant. *See Duran*, 396 S.W.3d at 568–69. Thus, the trial court's findings of fact and conclusions of law are supported by the record. *See Priddy,* 321 S.W.3d at 86. Therefore, the trial court did not abuse its discretion in denying appellant's motion to suppress. *See Turrubiate,* 399 S.W.3d at 150.

Appellant seems to place a great deal of emphasis on the fact that Spicer's testimony shows that there was no near-accident, which according to his theory, means that there was no traffic violation. We again point out that the trial court had all of Spicer's testimony before him that included testimony about five or six instances of failure to drive within appellant's lane of travel. As such, there was, at the minimum, a

pattern of erratic driving that provided the reasonable suspicion necessary for Spicer to initiate a stop of appellant.

Next, appellant complains that, when Spicer testified, he said he was relying only on the driving of appellant on IH-27 to provide the basis for the initial stop. Such a statement is true, if one does not consider Spicer's testimony on redirect examination. There, Spicer testified that he was relying on the totality of the driving he observed, which is the proper measure for determination of reasonable suspicion to stop. *See Ford,* 158 S.W.3d 492.

Finally, appellant indicates that, since Spicer testified on cross-examination that he was stopping appellant for the traffic offense of failure to drive in a single marked lane and because there was no testimony that the failure of appellant to stay totally within his lane was unsafe, the stop cannot be justified. *See* TEX. TRANSP. CODE ANN. § 545.060. Such position ignores the reality that the officer's subjective reason for making a stop is not the controlling factor; rather, the totality of the facts are viewed from the viewpoint of an objective standard, which is controlling on the issue of reasonable suspicion to stop. *See Duran*, 396 S.W.3d at 568. As we have previously determined, the totality of the facts, when viewed in an objective manner, support the legitimacy of Spicer's stop of appellant. *See Ford,* 158 S.W.3d 492. Appellant's issue to the contrary is overruled.

Conclusion

Having overruled appellant's sole issue, we affirm the trial court's judgment.


Mackey K. Hancock
Justice


Do not publish.